**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Eugenia Moore, ) | C/A No. 2:10-1583-CMC |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income benefits ("SSI"). Plaintiff appealed pursuant to 42 U.S.C. § 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. and filed on June 17, 2011, affirming the decision of the Commissioner. Plaintiff filed objections on June 28, 2011. Dkt. No. 19. For the reasons set forth below, the court adopts the Report and affirms the decision of the Commissioner.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The Report recommends affirming the decision of the Commissioner. Plaintiff has filed objections arguing, specifically, that the ALJ erred in not giving appropriate weight to the opinion of Patricia Derajtys ("Derajtys"), Plaintiff's treating nurse and primary medical provider, and, generally, that the ALJ did not properly evaluate the medical evidence and evaluations in the record. *See* Dkt. No. 19. For the reasons set forth below and in the Report, the court concludes that (1) any error in the weight accorded to Derajtys' opinion was harmless and (2) the Report properly evaluated the record.

**Opinion of Nurse Derajtys.** Plaintiff argues that the ALJ erred in discounting Derajtys' opinion that Plaintiff was disabled. As stated in the Report a medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 416.927(d)(2); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). In contrast, a nurse's opinion, even if she is a treating nurse, is not entitled to "controlling weight" under the regulations. *See* 20 C.F.R. §§ 404.1513, 416.913; *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Therefore the ALJ's discounting of Derajtys' opinion as compared to the medical opinions in the record from state agency physicians would have been supported by substantial evidence.

However, as Defendant's brief explains, the ALJ mistakenly referred to Derajtys as a physician. Dkt. No. 13 at 19. The court finds that this constituted only harmless error. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (finding an ALJ's error harmless where the ALJ would have reached the same result notwithstanding an error in his analysis). The ALJ considered Derajtys' opinion as a physician's opinion, and, in applying the appropriate regulatory factors, he discounted the opinion as inconsistent with the record as a whole. Tr. 21. Even though the ALJ erred by failing to evaluate Derajtys' opinion as a nurse's opinion, he reached the same result. Accordingly, the court finds that the ALJ's error in weighing Derajtys' opinion was harmless and would not change the ALJ's ultimate decision that Plaintiff is not disabled.

**ALJ's Evaluation of the Record.** In her objections, Plaintiff argues that the ALJ's decision does "not accurately reflect or properly evaluate the medical evidence and evaluations." Dkt. No. 19 at 2. Other than the error in treatment of Derajtys' opinion discussed above, Plaintiff does not point to any specific error in the ALJ's decision. Having reviewed the record, the court rejects

Plaintiff's argument and finds that the ALJ applied the proper legal standards in evaluating the evidence in the record and, except as mentioned above, his opinion is supported by substantial evidence.

## CONCLUSION

For the reasons set forth above, the court adopts the Report and Recommendation of the Magistrate Judge with the modifications herein and affirms the decision of the Commissioner.

**IT IS SO ORDERED.**

                                             s/ Cameron McGowan Currie
                                             CAMERON MCGOWAN CURRIE
                                             UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
July 19, 2011